UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SERVILLANO DINO J. DOLINA,

                              Plaintiff,

           v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

                              Defendant.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
24-CV-00334 (LDH) (JAM)

---

LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff Servillano Dino J. Dolina, proceeding pro se, brings this action against Defendant New York City Department of Education, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), alleging employment discrimination. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed, and Plaintiff is granted 30 days from the date of this Order to submit an amended complaint.

## BACKGROUND

    Plaintiff's allegations are brief. Plaintiff asserts that his employment as a paraprofessional with Defendant was terminated on June 17, 2021, for discriminatory reasons. (Compl. at 5–6, ECF No. 1.) He alleges no additional facts to support his claims. (*See generally* Compl.)

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally").

Nevertheless, the Court is required to dismiss sua sponte an in forma pauperis action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

**DISCUSSION**

Rule 8 of the Federal Rules of Civil Procedure requires plaintiffs to "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*,

230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted); *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019).  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Iqbal,* 556 U.S. 678 (internal citations and alterations omitted).

Here, Plaintiff asserts that Defendant violated Title VII, the Age Discrimination in Employment Act, and the ADA.  But, Plaintiff does not offer a single fact to support his claims.  Plaintiff states only that Defendant discriminated against him and that he received a right-to-sue letter from the Equal Employment Opportunity Commission on October 11, 2023.  Because Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Plaintiff's claims are dismissed.  *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

## LEAVE TO AMEND

In light of this Court's duty to liberally construe pro se complaints, the Court will allow Plaintiff 30 days leave to file an amended complaint.  Plaintiff's amended complaint must also comply with Rule 8(a) of the Federal Rules of Civil Procedure, provide all relevant dates, and include a short, plain statement of facts sufficient to support a plausible claim that his former employer discriminated against him in violation of Title VII, or any other relevant provision.  *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).  If available, Plaintiff should also annex to his amended complaint the charge of discrimination that he filed with the EEOC.

Plaintiff is informed that an amended complaint does not simply add to the first complaint.  Once an amended complaint is filed, it completely replaces the original.  Therefore, it is important that Plaintiff include all the necessary information contained in the original complaint in the

3

amended complaint. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order.

## Conclusion

Plaintiff is granted 30 days' leave to amend his complaint, as detailed above. No summons shall be issued at this time, and all further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, the action shall be dismissed, and judgment shall enter.

The Plaintiff is encouraged to contact the City Bar Justice Center Federal Pro Se Legal Assistance Project at (212) 382-4743 for free confidential limited-scope legal assistance.

The Clerk of Court is directed to mail this Order and an employment discrimination form to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444-45 (1962).

SO ORDERED.

                                                        LaSHANN DeARCY HALL
                                                        United States District Judge

Dated: Brooklyn, New York
       February [XX], 2025